[PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 19-13029

_____

JACQUES HERNES TELCY,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

D.C. Docket Nos. 0:10-cv-61934-WPD,

0:08-cr-60207-WPD-1

_____

Before WILSON, LAGOA, and BRASHER, Circuit Judges.

LAGOA, Circuit Judge:

Jacques Telcy appeals from an order dismissing his 28 U.S.C. § 2255 habeas petition as second or successive. This appeal asks us to determine whether a sentence reduction under section 404(b) of the First Step Act of 2018 qualifies as a "new judgment" for purposes of the bar on second or successive § 2255 motions under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214. If it does, then it resets the clock for habeas corpus purposes and allows a criminal defendant to file a new, "first" habeas petition. If it does not, as the district court concluded, then any subsequent habeas petition will be deemed "second or successive," and the defendant must first obtain authorization from the Court of Appeals before filing a second § 2255 habeas petition. Without such authorization, a district court lacks jurisdiction and must dismiss a second or successive § 2255 petition as unauthorized.

We conclude that a sentence reduction under the First Step Act does not constitute a new judgment and thus does not reset the habeas clock. When a district court judge reduces a sentence under the First Step Act, the court is not authorized to conduct a plenary, *de novo* resentencing. Rather, the First Step Act allows only for sentence *reductions* for *covered* offenses. A sentence reduction for a covered offense under the First Step Act neither requires the

district court to reconsider the relevant sentencing factors nor requires the district court to hold a hearing where the defendant must be present for the sentence reduction. Indeed, a sentence reduction under the First Step Act does not affect the validity or lawfulness of the underlying sentence. The First Step Act allows, as a matter of legislative grace, district courts to exercise their discretion to issue sentence reductions.

Because a sentence reduction under the First Step Act does not constitute a new judgment for purposes of AEDPA's bar on second or successive habeas petitions, Telcy was required to obtain authorization from this Court before filing his second § 2255 petition. Without such authorization, the district court lacked jurisdiction to entertain the petition. We therefore affirm the district court's order dismissing Telcy's § 2255 petition as second or successive.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On October 16, 2008, a federal grand jury returned a four count superseding indictment charging Telcy with the following offenses: (1) possession with the intent to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A); (2) possession with the intent to distribute 500 grams or more of powder cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B); (3) using and carrying a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A); and (4) possession of a firearm after previously having been convicted of a felony offense, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Because

Telcy had three previous convictions for felony drug crimes in Florida, the government filed a notice of intent to seek an enhancement of Telcy's sentence under 18 U.S.C. § 851. A jury found Telcy guilty on all counts.

The district court sentenced Telcy to a term of life imprisonment as to Count 1 due to his armed career criminal enhancement, along with other concurrent and consecutive sentences for the other three counts (which are not at issue on appeal). Telcy appealed his conviction and sentence, and this Court affirmed. *See United States v. Telcy*, 362 F. App'x 83 (11th Cir. 2010).

In 2010, Telcy filed a *pro se* § 2255 habeas petition, arguing that his attorney rendered ineffective assistance of counsel and that the statutes under which he was convicted were unconstitutional. The district court denied the habeas petition as well as a Certificate of Appealability. After timely appealing, Telcy requested that this Court grant a Certificate of Appealability, which was denied.

In 2013, Telcy filed an application with this Court for permission to file a second or successive § 2255 habeas petition, which a panel of this Court denied. In 2016, Telcy again filed an application seeking this Court's permission to file a second or successive habeas petition, arguing that his sentence enhancement was unconstitutional in light of the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015), which held that the residual clause in the Armed Career Criminal Act ("ACCA") was unconstitutional. In denying Telcy's second application, a panel of this Court concluded that Telcy's total sentence would not be impacted

by *Johnson* as his total sentence did not exceed the statutory maximum sentence and the sentence for counts 2 and 4 ran concurrently to a mandatory minimum life sentence.

On December 21, 2018, Congress enacted the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, into law. A defendant "is eligible for a sentence reduction under the First Step Act only if he previously received 'a sentence for a covered offense.'" *Terry v. United States*, 141 S. Ct. 1858, 1862 (2021) (quoting First Step Act § 404(b), 132 Stat. at 5222). The First Step Act made retroactive the statutory penalties for covered offenses enacted under the Fair Sentencing Act thus allowing defendants like Telcy—who were convicted before the enactment of the Fair Sentencing Act—to take advantage of the Fair Sentencing Act of 2010's more lenient sentencing provisions. *See id.* (explaining that the First Step Act defines "covered offense" as "'a violation of a Federal criminal statute, the statutory penalties for which were modified by' certain provisions in the Fair Sentencing Act" (quoting First Step Act § 404(a), 132 Stat. at 5222)); *United States v. Stevens*, 997 F.3d 1307, 1312 n. 2 (11th Cir. 2021); *see also* Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372.

In February 2019, Telcy, through counsel, filed a motion for sentence reduction under the First Step Act in the district court. Although the government agreed that Telcy was eligible under the First Step Act for a sentence reduction on Count 1, as the penalty had been reduced from a mandatory term of life imprisonment to a term of between ten years and life, the government nonetheless

argued that the district court should deny the motion based on Telcy's criminal history, the trial evidence, and the 18 U.S.C. § 3553 factors.  On February 26, 2019, the district court granted in part Telcy's First Step Act motion and reduced Telcy's sentence on Count 1 from a term of life imprisonment to a term of 235 months. The district court further reduced the term of supervised release to eight years.  The district court did not hold a hearing, did not revisit its previous factual findings, and did not discuss the other counts for which Telcy was convicted.

In April 2019, Telcy filed another application with this Court seeking permission to file a second or successive § 2255 habeas petition, arguing that, because his guideline range was based on the ACCA enhancement and the district court considered this guideline range when it imposed a reduced sentence, he would suffer adverse collateral consequences if he were not allowed to challenge the enhancement in light of *Johnson*.  A panel of this Court denied this application, noting that nothing in the record showed or suggested that the district court had relied on ACCA's residual clause in sentencing Telcy and that, as a result, Telcy had failed to make the requisite showing that he was more likely than not sentenced under it.  *See* Order, *In re: Jacques Telcy*, No. 19-11619 (11th Cir. May 29, 2019) (relying on *Beeman v. United States*, 871 F.3d 1215, 1221–22 (11th Cir. 2017)); *see also Beenan*, 871 F.3d at 1221–22 ("To prove a *Johnson* claim, the movant must show that—more likely than not—it was use of the residual clause that led to the sentencing court's enhancement of his sentence.").

19-13029                Opinion of the Court                    7

In July 2019, Telcy filed a *pro se* § 2255 habeas petition in the district court challenging the district court's February 2019 sentence reduction without seeking this Court's permission. In that petition, he argued that he was not required to obtain this Court's permission before filing his habeas petition because his First Step Act sentence reduction constituted a "new judgment" under *Magwood v. Patterson*, 561 U.S. 320 (2010). On the merits, Telcy raised the following two habeas claims: (1) that he was wrongly convicted under the ACCA and (2) that his counsel rendered ineffective assistance.

The district court denied Telcy's habeas petition, concluding that it lacked jurisdiction to hear the petition as Telcy's petition was a second or successive § 2255 motion that had not been authorized by a Certificate of Appealability from this Court. In doing so, the district court rejected Telcy's argument that a sentence reduction under the First Step Act was a "new judgment" under *Magwood*. Telcy filed a motion for reconsideration, which was denied. This appeal followed.[1]

## II.    STANDARD OF REVIEW

"We review *de novo* whether a petition for a writ of habeas corpus is second or successive." *Patterson v. Sec'y, Fla. Dep't of*

---

[1] Following receipt of Telcy's *pro se* initial brief, this Court appointed David Oscar Markus to serve as appellate counsel for Telcy. The Court thanks Mr. Markus for his thorough appellate briefing and engaging oral advocacy on behalf of Mr. Telcy.

*Corr.*, 849 F.3d 1321, 1324 (11th Cir. 2017) (en banc); *see also Stewart v. United States*, 646 F.3d 856, 858 (11th Cir. 2011). "We review questions of statutory interpretation *de novo*." *United States v. Johnson*, 399 F.3d 1297, 1298 (11th Cir. 2005); *accord United States v. Maupin*, 520 F.3d 1304, 1306 (11th Cir. 2008).

## III.    ANALYSIS

After a criminal defendant has had a trial and direct appeal, 28 U.S.C. § 2255 allows him one—and generally, only one—opportunity for a collateral attack. Before filing a "second or successive" habeas petition, AEDPA requires a prisoner to obtain authorization from the appropriate court of appeals. 28 U.S.C. § 2244(b)(3)(A). Without first obtaining that authorization, the district court is without jurisdiction to consider the merits of a second or successive habeas petition. *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003). This rule "is grounded in respect for the finality of criminal judgments." *Calderon v. Thompson*, 523 U.S. 538, 558 (1998).

The term "second or successive," however, is a term of art, and "it is well settled that the phrase does not simply 'refe[r] to all [habeas] applications filed second or successively in time." *Magwood*, 561 U.S. at 331–32 (first alteration in original) (quoting *Panetti v. Quarterman*, 557 U.S. 930, 944 (2007)). Instead, whether a petition is second or successive depends on "the *judgment* challenged." *Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1278 (11th Cir. 2014) (emphasis added) (quoting *Magwood*, 561 U.S. at 331–32). A petition will not be deemed second or successive if it

challenges a "new judgment" issued after the prisoner filed his first petition. *Magwood*, 561 U.S. at 323–24.

In *Magwood*, after the state court court sentenced Magwood to death, he filed a § 2254 petition challenging his conviction and sentence. 561 U.S. at 323, 326. The district court conditionally granted Magwood habeas relief and ordered him to be either released or resentenced. The state trial court then conducted a new *de novo* sentencing proceeding and entered a new judgement and sentence of imprisonment. *Id.* at 326. The state court made clear that "the new 'judgment and sentence [were] the result of a *complete and new assessment* of all the evidence, arguments of counsel, and law.'" *Id.* (alteration in original) (emphasis added). Magwood then filed another § 2254 petition challenging the new sentence. *Id.* at 328. The Supreme Court held that this § 2254 petition was *not* a second or successive petition because the petition was the prisoner's *first* challenge to his *new* judgment. *See id.* at 339. The Court reached this conclusion even though Magwood's new petition restated the same error he had raised in his original habeas petition. The Court concluded that an "error made a second time is still a new error. That is especially clear here, where the state court conducted a full resentencing and reviewed the aggravating evidence afresh." *See id.*

While the Supreme Court made clear in *Magwood* that a habeas application challenging a new judgment is not second or successive application, it did not define the term "new judgment." This Court, however, has applied the tenets of *Magwood* in a

number of cases implicating both state and federal criminal judgments in an effort to further delineate the bounds of what is—and what is not—a "new judgment."

For example, in *Armstrong v. United States*, 986 F.3d 1345, 1349–50 (11th Cir. 2021), this Court concluded that a sentence reduction under 18 U.S.C. § 3582(c)(2) did not qualify as a "new judgment" because the sentence reduction was not a full, *de novo* resentencing. Rather, it, as a matter of legislative grace, allowed only for a sentence reduction in an otherwise valid, final judgment. *See id.* This ruling followed naturally from this Court's decision in *United States v. Bravo*, 203 F.3d 778 (11th Cir. 2000), in which we held that a sentence reduction granted pursuant to § 3582(c)(2) "does not constitute a *de novo* resentencing" and thus does not allow the district court to consider "extraneous resentencing issues." *Id.* at 781–82.

In the context of state proceedings, this Court has applied *Magwood* to two cases regarding the effect of resentencings under Florida law: *Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1278 (11th Cir. 2014), in which we found a sentence modification under Florida Rule of Criminal Procedure 3.800 *was* a new judgment, and *Patterson v. Sec'y, Fla. Dep't of Corr.*, 849 F.3d 1321, 1324 (11th Cir. 2017) (en banc), in which we found a sentence modification under Rule 3.800 *was not* a new judgment.

In *Insignares*, Insignares was convicted in Florida state court of attempted first degree murder, as well as other crimes. *See* 755 F.3d at 1276. For his attempted murder charge, he was sentenced

to a 40-year term of imprisonment, including a 20-year mandatory minimum. *Id.* Immediately after sentencing, Insignares filed a motion to correct his sentence under Florida Rule of Criminal Procedure 3.800, which the judge granted, reducing his sentence for attempted murder from 40 years to 27 years. *See id.* Following direct review, Insignares filed a collateral challenge to his conviction under Florida Rule of Criminal Procedure 3.850, in which he alleged ineffective assistance of trial counsel. *See id.* at 1277. That challenge was denied, and Insignares filed his first federal habeas petition, which was dismissed as untimely, and then appealed, with the appeal being dismissed for failure to prosecute. *See id.*

After failing to obtain either state or federal habeas relief on his first go around, Insignares filed a second motion to correct his sentence under Florida Rule of Criminal Procedure 3.800, which the state court granted, thereby reducing his mandatory minimum for the attempted murder charge from 20 years to 10 years. *See id.* During that resentencing, the trial judge "entered the corrected sentence and new judgment." *Id.* Insignares then filed a *second* federal habeas petition under § 2254, which the district court concluded was *not* a second or successive petition under *Magwood*. *See id.* In affirming, this Court concluded that *Magwood* allowed Insignares to file this second petition without our permission because when the state court granted his Rule 3.800 motion, it "entered [a] corrected sentence and new judgment," and that it was this *new judgment* which committed Insignares to the custody of the Florida Department of Corrections. *See id.* at 1277, 1281.

In *Patterson*—decided after *Insignares*—Patterson was convicted in Florida state court of burglary, aggravated kidnapping, and capital sexual battery, for which he was sentenced to life in prison and chemical castration. *See* 849 F.3d at 1323. Patterson filed "a flurry of collateral attacks against his convictions, including four petitions for writs of habeas corpus in state court and an ethics complaint against the prosecutor who tried the case." *Id.* Each of those efforts failed, and Patterson filed his first petition for federal habeas relief. That petition was summarily denied as untimely—a point in the litigation which ordinarily "would have brought closure to the victim of his crimes." *Id.* at 1324.

Patterson then filed a motion for reduction in sentence as to the chemical castration pursuant to Florida Rule of Criminal Procedure 3.800, as Insignares did. *See id.* A Florida state court trial judge granted the motion and found that Patterson would not have to undergo chemical castration. *See id.* However, the "order did not vacate Patterson's sentence and replace it with a new one. Nor did it direct the Department of Corrections to hold Patterson or perform any affirmative act." *Id.* Patterson proceeded to file a second federal habeas petition, raising the same issues he had raised in his original habeas petition. The district court dismissed that petition as second or successive. *See id.* A divided panel of this Court reversed, citing *Insignares*. *See Patterson v. Sec'y, Fla. Dep't of Corr.*, 812 F.3d 885, *vacated*, 836 F.3d 1358 (11th Cir. 2016). This Court then granted rehearing en banc.

Sitting en banc in *Patterson*, this Court concluded that Patterson did not—as Insignares did—receive a new judgment under *Magwood*. *Patterson*, 849 F.3d at 1326. Specifically, this Court stated that, although "Patterson and Insignares both filed successful motions to correct an illegal sentence under Florida Rule of Criminal Procedure 3.800(a), the Florida trial court in *Insignares* went a step further: it also changed Insignares's term of imprisonment and 'entered [a] corrected sentence and new judgment.'" *Id.* (alteration in original) (quoting *Insignares*, 755 F.3d at 1277). In *Patterson*, by contrast, the Florida trial court never issued a new prison sentence—it instead merely barred the imposition of chemical castration. *See id.* This meant that "Insignares had an intervening 'judgment authorizing [his] confinement,' but Patterson [did] not." *Id.* (alteration in original) (quoting *Insignares*, 755 F.3d at 1279).

In so holding, this Court emphasized that not every new sentencing order necessarily constitutes a new judgment. *See id.* Indeed, our caselaw makes clear that at least one dispositive consideration in determining whether a new sentence constitutes a new judgment is whether the new sentence was issued following a plenary resentencing or was instead issued as a mere sentence reduction. *See Armstrong*, 986 F.3d at 1349–50 ("A resentencing thereby introduces the opportunity for the sentencing court to commit new errors or to repeat the same errors as in the original sentence. In contrast, § 3582(c)(2) 'does not authorize a sentencing or resentencing proceeding . . . .'" (quoting *Dillon v. United States*, 560 U.S.

817, 825 (2010))); *see also White v. United States*, 745 F.3d 834, 836 (7th Cir. 2014) ("There are substantial differences between resentencing and sentence reduction under § 3582(c).").

In this case, we must decide whether a sentence reduction under section 404 of the First Step Act qualifies as a new judgment under *Magwood*. Pursuant to 18 U.S.C. § 3582(c)(1)(B), district courts may "modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute." The First Step Act provides that authorization, giving a district court discretion to reduce the sentence of a defendant who was convicted on or before August 3, 2010, of a covered offense, "the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010." First Step Act § 404(a), 132 Stat. at 5222.[2] The Fair

---

[2] In relevant part, the First Step Act reads as follows:

SEC. 404. APPLICATION OF FAIR SENTENCING ACT.

(a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010.

(b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of

Sentencing Act, in turn, reduced the relevant federal drug penalties for crack cocaine to better align with the penalties for powder cocaine. As relevant here, the Fair Sentencing Act increased the drug amounts triggering statutory penalties under 21 U.S.C. § 841(b)(1)(B) from 5 to 28 grams and the statutory penalties in § 841(b)(1)(A) from 50 to 280 grams. *See* Fair Sentencing Act § 2, 124 Stat. at 2372; 21 U.S.C. § 841.

Under section 404(b) of the First Step Act, a district court "that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." First Step Act § 404(b), 132 Stat. at 5222. In subsection (c), which discusses the limitations of the First Step Act, the statute

---

2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

(c) LIMITATIONS.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194.

makes clear that the procedural mechanism by which such a reduction can be granted is a "motion . . . to reduce a sentence."

In determining whether a sentence reduction under the First Step Act qualifies as a new judgment, we are guided by the Supreme Court's decision in *Dillon v. United States*, 560 U.S. 817 (2010). In *Dillon*, the Supreme Court decided—for Sixth Amendment purposes—whether a § 3582(c) sentence reduction was a full resentencing or a mere sentence reduction. *See id.* at 825. The Supreme Court concluded it was the latter. First, the Supreme Court noted that the statute gave courts the power to "reduce" an otherwise final sentence in only certain circumstances. *See id.* (noting the difference between the statute at issue and 18 U.S.C. § 3742(g), which requires "'further sentencing' upon a finding of error"). Second, the Supreme Court noted that the statute's reference to reconsideration of the § 3553 factors did "not undermine [its] narrow view of proceedings under the former provision." *Id.* at 826. Because the consideration of the § 3553 factors were only relevant in relation to the new reduced sentences prescribed by the statute, their discretionary consideration did not suggest the statute mandated a plenary resentencing. *See id.* at 826–27. Third, the Supreme Court noted that Federal Rule of Civil Procedure 43 required criminal defendants to be present at sentencings, but specifically excluded proceedings under § 3582(c) and Federal Rule of Criminal Procedure 35 from its ambit. *See id.* at 828. And, finally, the Supreme Court noted that § 3582(c) allowed only for

*reductions* in sentences, not *enhancements*, and as such, were not plenary resentencing proceedings. *See id.* at 828–29.

Each of the reasons articulated by the Supreme Court in *Dillon* regarding why a § 3582(c)(2) sentence reduction is only a sentence reduction and not a full resentencing apply with equal force to a sentence reduction under § 404(b) of the First Step Act. First, the First Step Act similarly authorizes district courts to reduce sentences only in certain circumstances. In *United States v. Jones*, 962 F.3d 1290 (11th Cir. 2020), this Court concluded that § 404(b)'s "as-if" requirement requires the district court, "in determining what a movant's statutory penalty would be," to be "bound by a previous finding of drug quantity that could have been used to determine he movant's statutory penalty at the time of sentencing." *Id.* at 1303. This means that, even if the district court *wanted to* conduct a plenary resentencing, it would be unable to do so. Because the First Step Act is "an act of legislative grace left to the discretion of the district court," the district court is without power to increase a movant's sentence; rather, "[i]t is either maintaining the movant's penalty or *decreasing* it." *Id.* at 1303–04 (emphasis in original). Indeed, the plain text of the First Step Act does not give the district court authority to enhance a sentence—only to reduce it. *See* First Step Act § 404(b), 132 Stat. at 5222 (stating that a district court only "may . . . impose a reduced sentence").

Second, the First Step Act's reference to § 3553 does not alter this conclusion. In *United States v. Stevens*, 997 F.3d 1307, 1316 (11th Cir. 2021), this Court held that the First Step Act "does not

mandate consideration of the § 3553 factors by a district court when exercising its discretion to reduce a sentence under section 404(b) of the First Step Act." This Court explained that:

> Instead, the only explicit limitation placed on a district court's exercise of its discretion when modifying an eligible sentence under the First Step Act is that any reduction to a sentence may only be done "as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed."

*Id.* (quoting First Step Act § 404(b), 132 Stat. at 5222).

Third, unlike when conducting a *de novo* resentencing, a district court is not required to guarantee a criminal defendant's presence at a hearing before reducing his sentence pursuant to the First Step Act. *See United States v. Denson*, 963 F.3d 1080, 1086 (11th Cir. 2020). "[T]he plain text of the First Step Act does not give a defendant seeking a sentence reduction" the right to attend a hearing. *Id.* Indeed, "the First Step Act 'does not mention, let alone mandate, a hearing.'" *Id.* (quoting *United States v. Williams*, 943 F.3d 841, 843 (8th Cir. 2019)). The First Step Act leaves sentence reductions completely to the "district court's sound discretion" and imposes no further procedural hoops. *See id.*

Telcy argues that his sentence reduction counts as a new judgment because he is in the same position as the petitioners in *Magwood* and *Insignares*. Telcy, however, is not in the same position. District courts have no inherent authority to modify federal

criminal sentences.  Indeed, 18 U.S.C. § 3582(c)(1)(B) allows district courts to "modify an imposed term of imprisonment" only "to the extent otherwise expressly permitted by statute."  And, in this case, the First Step Act provides the express statutory authorization contemplated by § 3582.  Indeed, in the very preceding subsection of § 3582, Congress wrote that "[n]otwithstanding the fact that a sentence to imprisonment can subsequently be . . . modified pursuant to the provisions of subsection (c) . . . a judgment of conviction that includes such a sentence *constitutes a final judgment for all other purposes.*" *Id.* § 3582(b)[3] (emphasis added).  This means that, even though the sentence might have changed, the relevant final "judgment" did not.

Unlike Telcy, the petitioners in *Magwood* and *Insignares* stood in a very different position.  Magwood, for example, "demonstrated in his original collateral attack that his original sentence violated the Constitution"—i.e., that it was not a valid, final judgment. *See Armstrong*, 986 F.3d at 1349 (citing *Magwood*, 561 U.S. at 326).  And, as a result, the sentencing court in *Magwood* "conducted a full resentencing and reviewed the aggravating evidence afresh."  561 U.S. at 339.  Neither of these observations are true in Telcy's case.  He has not demonstrated that his original sentence

---

[3] Notably, we have previously held that AEDPA's limitations fall "within the category of 'any other purpose.'" *Murphy v. United States*, 634 F.3d 1303, 1309 (11th Cir. 2011) (citing *United States v. Sanders*, 247 F.3d 139, 142–44 & n.2 (4th Cir. 2001)).

was unconstitutional. Rather, his sentence reduction was obtained only through a reduction in the applicable guidelines. And the district court did not—indeed, could not—have conducted a plenary resentencing before issuing its reduced sentence.

Similarly, we have since made clear that the sentencing court in *Insignares* vacated Insignares' original sentence and "entered [a] corrected sentence *and* new judgment." *Patterson*, 849 F.3d at 1326 (emphasis added). This is not true here: Telcy may have received a new reduced sentence, but § 3582(b) prevented the district court from issuing him a new judgment.

And, in any event, *Insignares* applied *Magwood* in the context of a challenge to an underlying state judgment, and thus implicated habeas relief under § 2254. But "[r]egardless of how the Supreme Court or prior panels of this court have construed the term 'judgment' in § 2244(b) and the § 2254 context, we are not free to extend those decisions to the § 2255 context when doing so would flout Congress's plainly expressed intent." *Murphy v. United States*, 634 F.3d 1303, 1312 (11th Cir. 2011). Here, Congress spoke plainly and explicitly when pronouncing that sentence modifications under § 3582 do not affect the finality or validity of the underlying judgment.

## IV.    CONCLUSION

Because a sentence reduction under the First Step Act does not constitute a new judgment for purposes of AEDPA's bar on second or successive habeas petitions, Telcy was required to obtain

authorization from this Court before filing his second § 2255 petition. Without such authorization, the district court lacked jurisdiction to entertain the petition. We therefore affirm the district court's order dismissing Telcy's § 2255 petition as second or successive.

**AFFIRMED.**