[DO NOT PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

_____

No. 21-11475

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEON LESLIE PHILLIPS,
a.k.a. Ken Phillips,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 1:06-cr-00030-WLS-TQL-1

_____

Before JORDAN, NEWSOM, and MARCUS, Circuit Judges.

PER CURIAM:

Keon Leslie Phillips, a federal prisoner, appeals following the district court's denial of his motion to reduce his sentence pursuant to § 404 of the First Step Act of 2018.[1]  Phillips argues that the district court abused its discretion by declining to reduce his sentence without holding a hearing.  After careful review, we affirm.

We review *de novo* whether a district court has the authority to modify a term of imprisonment.  *United States v. Jones*, 962 F.3d 1290, 1296 (11th Cir. 2020), *cert. denied*, 141 S. Ct. 2635 (2021).  We review the district court's decision whether to reduce a defendant's sentence under the First Step Act for abuse of discretion.  *Id.*  District courts have wide latitude to determine whether and how to exercise their discretion, in the context of a First Step Act reduction.  *Id.* at 1304.  The district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes clearly erroneous factual findings.  *United States v. Barrington*, 648 F.3d 1178, 1194 (11th Cir. 2011).  A factual finding is clearly erroneous when, although there is evidence to support it, the appellate court, based on the record as a whole "is left with a definite and firm conviction that a mistake has been committed."  *Id.* at 1195 (quotations omitted).  A district court

---

[1] Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (Dec. 21, 2018) ("First Step Act").

also abuses its discretion when it commits a clear error of judgment. *United States v. Brown*, 415 F.3d 1257, 1265 (11th Cir. 2005).

Generally, we review arguments not raised before the district court only for plain error. *United States v. Lange*, 862 F.3d 1290, 1293 (11th Cir. 2017). To establish plain error, the defendant must show (1) an error, (2) that is plain, and (3) that affected his substantial rights. *United States v. Turner*, 474 F.3d 1265, 1276 (11th Cir. 2007). If the defendant satisfies these conditions, we may exercise our discretion to recognize the error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

A district court has no inherent authority to modify a defendant's sentence and may do so "only when authorized by a statute or rule." *United States v. Puentes*, 803 F.3d 597, 606 (11th Cir. 2015). The First Step Act expressly permits district courts to reduce a previously imposed term of imprisonment. *Jones*, 962 F.3d at 1297. The First Step Act is a "self-contained, self-executing, independent grant of authority empowering district courts to modify criminal sentences in the circumstances to which the Act applies." *United States v. Edwards*, 997 F.3d 1115, 1118 (11th Cir. 2021), *cert. denied*, 142 S. Ct. 509 (2021).

Before the First Step Act, however, Congress enacted the Fair Sentencing Act, which amended 21 U.S.C. §§ 841(b)(1) to reduce the sentencing disparity between crack and powder cocaine. Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 ("Fair Sentencing Act"); *see also Dorsey v. United States*, 567 U.S.

260, 268–69 (2012) (detailing the history that led to the enactment of the Fair Sentencing Act).  The Fair Sentencing Act increased the § 841(b) drug amounts triggering the statutory penalties under § 841(b)(1)(B) from 5 to 28 grams or more of crack cocaine.  Fair Sentencing Act, § 2(a); 21 U.S.C. § 841(b)(1)(B).

The First Step Act of 2018 then made retroactive the statutory penalties for covered offenses enacted under the Fair Sentencing Act.  First Step Act § 404.  Under § 404(a), "the term 'covered offense' means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, that was committed before August 3, 2010."  *Id.* § 404(a) (citation omitted).  Under § 404(b) of the First Step Act, a court "that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed."  *Id.* § 404(b).  The First Step Act adds that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section."  *Id.* § 404(c).

In *United States v. Denson*, we held that the First Step Act does not authorize a district court to conduct a plenary or *de novo* resentencing or to reconsider sentencing guideline calculations unaffected by sections 2 and 3 of the Fair Sentencing Act, reduce the defendant's sentence on the covered offense based on changes in the law beyond those mandated by sections 2 and 3 of the Fair Sentencing Act, or change or reduce the defendant's sentences on counts that are not covered offenses.  963 F.3d 1080, 1089 (11th Cir.

2020). We explained that the plain text of the First Step Act does not give a defendant seeking a reduction a right to attend a hearing, since "the First Step Act does not mention, let alone mandate, a hearing." *Id.* at 1086–87 (quotations omitted). We added that a defendant's presence at a hearing is not required under Fed. R. Crim. P. 43 in sentence reduction proceedings and that where Rule 43 does not require a defendant's presence, there is no due process concern. *Id.* at 1087–88. We concluded that "a sentencing modification under the First Step Act does not qualify as a critical stage in the proceedings that requires the defendant's presence." *Id.* at 1089 (quotations omitted). Citing *Denson*, we later held that a district court is not required to guarantee a defendant's presence at a hearing before reducing his sentence under the First Step Act, these sentence reductions are left completely to the district court's sound discretion, and no further "procedural hoops" are imposed. *Telcy v. United States*, 20 F.4th 735, 745 (11th Cir. 2021), *petition for cert. filed*, No. 21-7471 (U.S. Mar. 25, 2022).

Although a district court may have the authority to reduce a sentence under Section 404 of the First Step Act, it is not required to do so. *Jones*, 962 F.3d at 1304. A district court has wide latitude to determine whether and how to exercise its discretion and may consider the § 3553(a) factors. *Id.* The district court, however, is not required to consider the § 3553(a) factors when it exercises its discretion to reduce a sentence under § 404 of the First Step Act. *United States v. Stevens*, 997 F.3d 1307, 1316 (11th Cir. 2021). But the district court's decision must allow for meaningful appellate

review, just as in the initial sentencing context. *Id.* at 1311. The court's explanation need not be lengthy as long as it makes clear that it had a reasoned basis for choosing to reduce or not to reduce a defendant's sentence under the First Step Act. *Id.* at 1317. How much explanation is required in an order on a motion for a sentence reduction depends on the circumstances of a particular case. *United States v. Potts*, 997 F.3d 1142, 1145–46 (11th Cir.), *petition for cert. filed*, No. 21-6007 (U.S. Oct. 19, 2021). In *Potts*, we noted that an explanation may be sufficient if the district court relied on the record, while making clear that it considered the parties' arguments and the § 3553(a) factors, among other things. *Id.*

Even in circumstances where the consideration of the § 3553(a) factors is mandatory, the district court need not state on the record that it has explicitly considered each of the § 3553(a) factors nor discuss each of the § 3553(a) factors. *United States v. Kuhlman*, 711 F.3d 1321, 1326 (11th Cir. 2013). Moreover, the weight given to any of the § 3553(a) factors is committed to the sound discretion of the district court. *United States v. Croteau*, 819 F.3d 1293, 1309 (11th Cir. 2016).

Under § 3553(a), a district court's sentence must be sufficient, but not greater than necessary, to achieve the goals of sentencing: reflecting the seriousness of the offense, promoting respect for the law, providing just punishment, deterring future criminal conduct, protecting the public, and providing the defendant with any needed training or treatment. 18 U.S.C. § 3553(a). Section 3553(a) also requires district courts to consider the nature and

circumstances of the offense, the defendant's history and characteristics, the kinds of sentences available, the Sentencing Guidelines, any pertinent policy statement, the need to avoid disparate sentences for defendants with similar records, and the need to provide restitution to any victims. *Id.*

"No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661. A sentencing court may consider any information regardless of its admissibility at trial as long as it has sufficient indicia of reliability, the court makes explicit findings of fact as to its credibility, and the defendant has a chance to rebut the evidence. *United States v. Ghertler*, 605 F.3d 1256, 1269 (11th Cir. 2010). A defendant has a due process right not to be sentenced based on false or unreliable information. *Id.* To prevail on a sentencing challenge based on unreliable evidence, a defendant must show "(1) that the challenged evidence is materially false or unreliable and (2) that it actually served as the basis for the sentence." *Id.* (addressing defendant's argument that double hearsay testimony of two felons lacked sufficient indicia of reliability).

Here, the district court did not abuse its discretion by denying Phillips's motion to reduce his sentence under the First Step Act. For starters, our Court in *Denson* made it clear that a district court is not required to hold a hearing in these circumstances. 982 F.3d at 1086-87, 1089 (holding that the First Step Act does not

authorize a district court to conduct a plenary resentencing and that the Act does not mandate a hearing). As we explained in *Denson*, neither Fed. R. Crim. P. 43 nor the Due Process Clause requires a defendant's presence at a sentence reduction hearing since a sentence reduction is not a critical stage in a criminal proceeding and the lack of a hearing does not violate a defendant's due process rights. *Id.* at 1087–89. And contrary to Phillips's suggestion, *Denson*'s holdings concerning the discretionary nature of First Step Act hearings are not dicta. *See Telcy*, 20 F.4th at 744–45 (citing *Denson* and stating that First Step Act reductions are left completely to the discretion of the district court and no further "procedural hoops" are imposed).

Moreover, the record reflects that the district court addressed the merits of Phillips's motion without a hearing *after* observing that it had reviewed what Phillips expected to present at a live resentencing; that it had given Phillips an "ample opportunity" to submit evidence and arguments, including extensive briefing and supplemental information in support of his motions; and that there was sufficient information in the record and Phillips's motion, as well as a memorandum from the probation office. Despite this substantial record, Phillips claims that the district court should have held a hearing to resolve the parties' dispute about a phone call that had been recorded in jail between Phillips and another drug dealer -- a call in which Phillips and his associate discussed what his role would be when he was released. Importantly, however, the district court declined to consider the aspects of the call

that were in dispute.  Thus, because the district court did not consider the disputed portions of the phone call, because it considered the remaining information in the extensive record -- including what Phillips expected to present at a hearing -- and because it had wide latitude in ruling on a sentence reduction motion, the district court did not abuse its discretion in ruling on Phillips's motion without conducting a resentencing hearing.  *See Jones*, 962 F.3d at 1304; *Denson*, 963 F.3d at 1086-87; *Telcy*, 20 F.4th at 745.

As for Phillips's claim that due process required the government to prove any disputed fact by a preponderance of the evidence, Phillips had notice that the government intended to rely on the phone call, and the district court gave Phillips ample opportunity to refute it.  Further, Phillips cannot show that the interpretation of the phone call served as a basis for his sentence. *Ghertler*, 605 F.3d at 1269.  As a result, he cannot establish a due process violation based on a claim of false or unreliable information concerning disputed interpretation of the proffered phone call. *Id.*

What's more, as our case law has long established, the district court had wide latitude to determine whether to reduce Phillips's sentence and could consider any relevant factors in making that determination.  *Jones*, 962 F.3d at 1304; *see also* 18 U.S.C. § 3661. Although Phillips argues that the district court should not have considered the proffered phone call at all, the district court correctly noted that Phillips did not dispute the fact that the call took place, that it was with a person who engaged in and was convicted of illegal drug sales, or that Phillips's role in the gang was

discussed.  Based on these undisputed facts alone, the district court did not clearly err in finding that Phillips had not cut ties with his past. *See Barrington*, 648 F.3d at 1195.  This is especially true since Phillips did not challenge the fact of the call or his participation in it before the district court or in his initial appellate brief.

In any event, the district court considered several other factors -- in addition to Phillips's jailhouse phone call -- when it decided not to reduce Phillips's sentence.  As the record reveals,  the district court considered the § 3553(a) factors in its sentence reduction determination, even though it was not required to do so. *Stevens*, 997 F.3d at 1310-11.  In particular, it considered Phillips's criminal history as the *most important* factor, finding that it involved many violent offenses and that there was an "alarming possibility" that Phillips would be a danger to society if released.  18 U.S.C. § 3553(a)(1)-(2).  Indeed, Phillips's history, including his violent offenses of armed robbery, assault, battery, and cruelty to children, was detailed in his presentence investigation report ("PSI"), which the district court considered and accepted.  The district court also was concerned about Phillips's likelihood of recidivism, noting his disciplinary history while incarcerated, his "evasive and obstructionist conduct," as well as the recorded jail call between Phillips and the drug dealer.  And while the district court considered Phillips's efforts at rehabilitation and commended him on the many hours of educational programming he had completed, it found that these factors did not outweigh its concerns about his history and likelihood of recidivism.  As we've said many times, the weight

assigned to each of the § 3553(a) factors -- even when their consideration is mandatory -- is committed to the district court's discretion. *See Croteau*, 819 F.3d at 1309.  On this record, the district court did not abuse its discretion in denying Phillips a sentence reduction.

    **AFFIRMED.**