[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 21-13422

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

CORNELIUS KENYATTA CRAIG,
a.k.a. Douglas Buster,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:98-cr-00099-KD-S-3

—————————————

Before ROSENBAUM, GRANT, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Defendant Cornelius Craig, a federal prisoner proceeding *pro se*, appeals the district court's dismissal of his motion to vacate his sentence as an unauthorized second or successive § 2255 motion and its denial of his subsequent Rule 59(e) motion to reconsider that ruling. After careful review, we affirm.

## BACKGROUND

In 1998, Defendant was charged with multiple federal offenses related to a series of carjackings in which he participated and during which he brandished a gun and/or pointed a gun at the carjacking victim. He was indicted in two cases and ultimately convicted by a jury of four counts of conspiracy to commit carjacking in violation of 18 U.S.C. § 371, four counts of substantive carjacking in violation of 18 U.S.C. § 2119, and four counts of knowingly using a firearm in relation to a crime of violence (the carjackings) in violation of 18 U.S.C. § 924(c). The district court sentenced Defendant in 1999 to serve 151 months for each substantive carjacking conviction, to be served concurrently; 60 months for each conspiracy conviction, to be served concurrently to each other and concurrently to his sentence for the carjackings; 60 months for the first § 924(c) count, to be served consecutively; and 240 months for each of the remaining three § 924(c) counts, to be served consecutively to each

other and consecutively to his other sentences, for a total sentence of 931 months.

This Court affirmed Defendant's convictions and sentence on appeal after granting his attorney's motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). Based on its independent examination of the record, the Court agreed with counsel that the appeal presented no issues of arguable merit. Defendant filed a timely *pro se* motion to vacate his convictions and sentence under § 2255 in 2001, arguing that: (1) the court lacked jurisdiction to try him for the offenses of which he was convicted, (2) the indictment was defective, (3) the jury instructions were erroneous, and (4) trial counsel was ineffective for failing to preserve the foregoing issues and raise them on direct appeal. The district court denied Defendant's § 2255 motion on the merits, and Defendant did not appeal that ruling.

Over the course of the next several years, Defendant filed a series of § 2255 and other motions in which he asserted various errors that allegedly occurred at trial and on appeal. The district court dismissed these pleadings for lack of jurisdiction as unauthorized second or successive § 2255 motions. To the extent Defendant attempted to appeal, this Court either declined to issue a certificate of appealability ("COA") or affirmed the district court, concluding generally that Defendant offered "no new evidence or arguments of merit to warrant relief."

In July 2016, Defendant filed an application in this Court for leave to file a second or successive § 2255 motion based on the

Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015), invalidating the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).  In support of his application, Defendant argued that:  (1) § 924(c)'s residual clause was also invalid, and (2) his § 924(c) convictions were premised on the residual clause and thus unconstitutional.  This Court granted Defendant's application and the district court considered his § 2255 motion on the merits. Ultimately, the district court denied the motion, concluding that the predicate offense for Defendant's § 924(c) convictions was federal carjacking, which qualified as a crime of violence under § 924(c)'s still-valid force clause per this Court's decision in *In re Smith*, 829 F.3d 1276 (11th Cir. 2016).  This Court affirmed on appeal, holding that even if *Johnson* invalidated § 924(c)'s residual clause, Defendant's § 924(c) convictions were predicated on his carjacking offenses and thus constitutionally valid.

Defendant subsequently filed another § 2255 motion asserting due process violations and an ineffective assistance of counsel claim.  The district court dismissed the motion for lack of jurisdiction as an unauthorized second or successive motion because Defendant did not receive authorization from this Court to file it, and it also denied Defendant's motion to reconsider that ruling pursuant to Rule 59(e).  This Court affirmed in a summary disposition. Defendant then filed a motion to reduce his sentence under § 3582(c)(2) based on an amendment to the sentencing guidelines. The district court denied the motion, holding that the amendment

did not apply to Defendant. This Court dismissed Defendant's appeal of that ruling as untimely.

Defendant filed the § 2255 motion at issue in this appeal in May 2021. In his motion, Defendant asserts one claim of ineffective assistance of counsel based on his attorney's failure to preserve and raise an allegedly meritorious argument on appeal. The district court again dismissed the motion for lack of jurisdiction as an unauthorized second or successive § 2255 motion, after noting that Defendant did not have authorization from this Court to file the motion and that he did not have an application to file such a motion pending in this Court. Defendant subsequently filed a motion for reconsideration of that ruling, which the district court also denied. Defendant appeals both rulings.[1]

We note that a COA ordinarily is required to appeal the district court's denial of a § 2255 motion. *See Perez v. Sec'y, Fla. Dep't of Corr.*, 711 F.3d 1263, 1264 (11th Cir. 2013). However, a COA is not required where, as here, the appeal is from a district court's dismissal of a § 2255 motion for lack of jurisdiction. *See Hubbard*

---

[1] Defendant only cites the district court's Rule 59(e) ruling in his notice of appeal, but we construe the notice liberally to encompass an appeal of the underlying dismissal of Defendant's § 2255 motion. *See KH Outdoor, LLC v. City of Trussville*, 465 F.3d 1256, 1260 (11th Cir. 2006) ("[I]n this circuit, it is well settled that an appeal is not lost if a mistake is made in designating the judgment appealed from where it is clear that the overriding intent was effectively to appeal." (quotation marks omitted)).

*v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004).  Accordingly, this appeal is properly before the Court.

## DISCUSSION

### I.    Standards of Review

We review *de novo* the district court's dismissal of a § 2255 motion for lack of jurisdiction as an unauthorized second or successive motion. *See Patterson v. Sec'y, Fla. Dep't of Corr.*, 849 F.3d 1321, 1324 (11th Cir. 2017).  The jurisdictional question is a threshold issue, and we cannot reach the merits of any claim asserted in a § 2255 motion unless we find that the district court had jurisdiction to entertain the motion.

We review the district court's denial of a Rule 59(e) motion for an abuse of discretion. *Stansell v. Revolutionary Armed Forces of Colombia*, 771 F.3d 713, 746 (11th Cir. 2014).  A litigant cannot use a Rule 59(e) motion to "relitigate old matters, raise argument or present evidence that could have been raised" earlier. *Id.* (quotation marks omitted).  Rather, the only grounds to grant a Rule 59(e) motion are "newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotation marks omitted).

### II.    Jurisdiction

Section 2255 provides a mechanism for a federal prisoner to vacate, set aside, or correct a sentence that was imposed in violation of federal constitutional or statutory authority. *See* 28 U.S.C. § 2255(a).  Pursuant to the Antiterrorism and Effective Death

Penalty Act of 1996 ("AEDPA"), however, a prisoner who has filed a prior § 2255 motion and had that motion adjudicated on the merits must apply to "the appropriate court of appeals"—here, this Court—for an order authorizing the district court to consider a "second or successive" § 2255 motion. *See* 28 U.S.C. § 2255(h). Without such authorization, "the district court lacks jurisdiction." *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005). *See also Telcy v. United States*, 20 F.4th 735, 740 (11th Cir. 2021) ("After a criminal defendant has had a trial and direct appeal, 28 U.S.C. § 2255 allows him one—and generally, only one—opportunity for a collateral attack."). Defendant is familiar with this rule, because he applied for and received authorization to file a second or successive § 2255 motion in 2016, which motion was decided on the merits. On the other hand, he has had multiple § 2255 motions denied for lack of jurisdiction as unauthorized second or successive motions because he failed to obtain this Court's authorization before he filed them.

Here, the district court did not err when it dismissed Defendant's § 2255 motion for lack of jurisdiction or when it denied his Rule 59(e) motion to reconsider that ruling. As is evident from the above discussion, Defendant's § 2255 motion was successive to the first § 2255 motion he filed in 2001, which motion the district court decided on its merits. Defendant concedes that he did not obtain authorization from this Court to file a successive § 2255 motion. Thus, the district court lacked jurisdiction to consider the motion. *See Telcy*, 20 F.4th at 740.

Further, we reject Defendant's argument that the present § 2255 motion is not subject to the rule prohibiting unauthorized second or successive motions because it asserts claims he could not have raised in his first motion.  An exception to the rule applies in some cases where the claim on which a numerically second or successive § 2255 motion is based did not exist before the first § 2255 proceeding concluded.  *See Boyd v. United States*, 754 F.3d 1298, 1301 (11th Cir. 2014) ("[T]he bar on second or successive motions applies when, for example, a petitioner could have raised his or her claim for relief in an earlier filed motion, but without a legitimate excuse, failed to do so.").  But that exception clearly does not apply here.  The only claim Defendant asserts in his latest § 2255 motion is that his attorney erred by failing to raise the Supreme Court's decision in *Jones v. United States*, 526 U.S. 227 (1999) on direct appeal.[2]  *Jones* was decided in 1999.  Any claim based on *Jones* was thus available well before Defendant filed his first § 2255 motion in 2001.  Defendant argues that he did not assert a claim under *Jones* on direct appeal due to his counsel's ineffectiveness.  But Defendant offers no explanation for his failure to raise *Jones*—or his counsel's alleged ineffectiveness in failing to assert *Jones*—in his first § 2255 proceeding.

---

[2] In *Jones*, the Supreme Court held that the provisions of the federal carjacking statute imposing higher penalties when a carjacking results in serious bodily injury or death are elements of the offense that must be proven and found by a jury rather than mere sentencing considerations.  *See Jones*, 526 U.S. at 229.

Finally, Defendant did not present any new evidence or show that the district court committed a manifest error of law or fact, as required to prevail on his Rule 59(e) motion for reconsideration. *See Arthur*, 500 F.3d at 1343 ("The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." (quotation marks omitted and alteration adopted)). In support of his Rule 59(e) motion, Defendant argued that he did not need permission from this Court to file his § 2255 motion because the motion fell within the exception to the second or successive rule discussed above. That is simply a restatement of the argument already presented in Defendant's § 2255 motion. As such, the district court correctly denied Defendant's Rule 59(e) motion. *See Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005) (holding that a Rule 59(e) motion cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.").

## CONCLUSION

For the reasons discussed above, the district court's order dismissing Defendant's § 2255 motion for lack of jurisdiction is **AFFIRMED**, as is the court's denial of his Rule 59(e) motion to reconsider.