[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-11088

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JAMES CLIFFORD WILLIAMS,
a.k.a. Swinger,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 4:93-cr-00082-JRH-CLR-12

_____

Before JILL PRYOR, BRANCH, and LUCK, Circuit Judges.

PER CURIAM:

James Williams appeals the district court's denial of his motion for sentence reductions under section 404(b) of the First Step Act. *See* First Step Act of 2018, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222. We affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In a 1993 indictment, a federal grand jury charged Williams and seventeen others with a variety of drug and firearm offenses. Williams, for his part, was charged in count one with conspiring to distribute cocaine base (colloquially known as crack cocaine) and cocaine, in violation of 21 U.S.C. section 846. Count five alleged that he possessed those substances with the intent to distribute them, in violation of 21 U.S.C. section 841(a)(1). The remaining counts against Williams alleged that he carried a firearm during drug trafficking crimes and as a felon, in violation of 18 U.S.C. sections 924(c) and 922(g)(1).

The government filed a notice and information that Williams would be subject to enhanced sentences under section 841(b)(1)(A) if convicted on counts one and five. At the time, section 841 provided that any person who violated it would be subject to a mandatory life sentence if (1) the violation involved at least fifty grams of a substance or mixture containing cocaine base and (2) he already had at least two felony drug convictions. *See*

21 U.S.C. § 841(b)(1)(A)(iii) (1993). Williams already had two state felony drug convictions before being indicted on the federal charges—one for possessing a controlled substance (cocaine), and another for possessing a controlled substance (cocaine) with the intent to distribute it.

A jury found Williams guilty on each count, except for one of the section 924(c) counts. Williams appealed, and we vacated his original sentences on counts one and five because the district court's findings of fact regarding the amount of crack cocaine attributable to him were inadequate. Then, on remand, in 1997, the operative presentence investigation report concluded that Williams was responsible for more than four hundred grams of crack cocaine as to count five. And the report found that he was responsible for more than six thousand grams of crack cocaine as to count one. The district court adopted the report as its findings of fact. Accordingly, it sentenced Williams to life imprisonment on both count one and count five, directing that those sentences be served concurrently with one another. Williams appealed the district court's drug-attribution findings again, but we affirmed.

Several years after we affirmed his federal sentences, Williams filed a habeas petition in the Superior Court of Chatham County, Georgia, to challenge his state convictions. That petition was somewhat successful. In 2007, the state court granted the petition in part and vacated Williams's conviction for simple possession. It denied the petition, though, as to his conviction for possession with the intent to distribute.

Then, in 2022, Williams filed the First Step Act motion that's the subject of this appeal.[1] His motion requested that his sentences for counts one and five be reduced to two-hundred- forty months, and it made two supporting arguments that are relevant here. First, Williams argued that the sentences should be reduced because the indictment didn't allege the amount of crack cocaine attributable to him. To that end, relying on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyene v. United States*, 570 U.S. 99 (2013), he argued that his sentences were improperly enhanced based on judge-found facts. Williams's second argument was that section 841(b)(1)(A)'s mandatory-life enhancement no longer applied because the state court vacated one of his two predicate convictions. He argued that the district court had to consider that new fact in light of *Concepcion v. United States*, which held a district court may consider intervening changes of law or fact when adjudicating a section 404(b) motion. 597 U.S. 481, 486 (2022). The government opposed the motion.

The district court rejected each of Williams's arguments and denied his motion. The district court concluded that it lacked any

---

[1] Williams filed an earlier section 404(b) motion in 2019, which the district court denied on its merits. Although section 404(c) of the First Step Act provides that a defendant can't file a second section 404(b) motion after one is denied on the merits, *see* First Step Act § 404(c), 132 Stat. at 5222, the government affirmatively waives any reliance on section 404(c) here. We thus resolve Williams's appeal on its merits. *See United States v. Hart*, 983 F.3d 638, 641 (3d Cir. 2020) (holding that section 404(c) is a nonjurisdictional and waivable claim-processing rule).

authority to reduce Williams's sentence, notwithstanding that one of his predicate state convictions was vacated. It explained that the First Step Act authorizes reducing a sentence only if the Fair Sentencing Act of 2010 would have benefited the movant had it existed at the time of the covered offense. But based on the drug-quantity findings at sentencing, Williams would still be subject to mandatory-minimum life sentences even if the Fair Sentencing Act had been in effect at the time of his offenses. The district court reasoned it was bound by those drug quantities notwithstanding *Apprendi* and *Alleyene*.

Williams timely appealed.

## STANDARD OF REVIEW

We review de novo whether a district court is authorized to modify a term of imprisonment. *See United States v. Gonzalez*, 71 F.4th 881, 884 (11th Cir. 2023).

## DISCUSSION

Williams maintains on appeal that the First Step Act *did* authorize the district court to consider reducing his life sentences on counts one and five. We conclude that the First Step Act did not authorize reducing Williams's sentences for those crimes.

"The First Step Act offers a meaningful benefit: the retroactive application of specified provisions of the Fair Sentencing Act." *United States v. Clowers*, 62 F.4th 1377, 1378 (11th Cir. 2023). Section 404(b) of the First Step Act provides that a district court may

"impose a reduced sentence" for a covered offense[2] "as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed."  First Step Act § 404(b), 132 Stat. at 5222.    The Fair Sentencing Act, in turn, increased section 841(b)(1)(A)(iii)'s mandatory-minimum threshold for crack cocaine from fifty grams to two-hundred-eighty grams.  *See* Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2(a)(1), 124 Stat. 2372, 2372.

"[T]hat benefit is limited."  *Clowers*, 62 F.4th at 1378.  We have held that the First Step Act does not authorize reducing a sentence merely because the movant committed a covered offense. *See id.* at 1381; *United States v. Jones*, 962 F.3d 1290, 1303 (11th Cir. 2020), *vacated by Jackson v. United States*, 143 S. Ct. 72 (2022), *reinstated by United States v. Jackson*, 58 F.4th 1331, 1333 (11th Cir. 2023); *United States v. McCoy*, 88 F.4th 908, 912–13 (11th Cir. 2023).  Instead, "the fact that any sentence reduction must be made 'as if' the Fair Sentencing Act were in effect at the time of the . . . offense means that no relief is available under [section 404(b)]" if the Fair Sentencing Act's amendments would not have benefited the movant.  *Clowers*, 62 F.4th at 1378, 1380; *see also Jones*, 962 F.3d at 1303 ("The 'as-if' requirement . . . does not permit reducing a movant's sentence if he received the lowest statutory penalty that also would be available to him under the Fair Sentencing Act.").

---

[2] The government doesn't dispute that Williams's convictions on counts one and five were for covered offenses.

23-11088                Opinion of the Court                7

If the Fair Sentencing Act was in effect at the time of Williams's offenses, it wouldn't have benefited him because his minimum possible sentences would have been exactly the same. When the district court resentenced Williams after his first direct appeal, it found that Williams was responsible for more than four hundred grams of crack cocaine as to count five, and that he was responsible for more than six thousand grams as to count one. Those amounts clearly exceed the two-hundred-eighty grams that would've been necessary to impose mandatory life sentences under the Fair Sentencing Act. *See* Fair Sentencing Act § 2(a)(1), 124 Stat. at 2372. "Because the sentencing judge would not have had any latitude to impose a lower sentence if the Fair Sentencing Act had existed in [1997], the First Step Act d[id] not authorize the district court to do so now." *See Clowers*, 62 F.4th at 1381 (citing *Jones*, 962 F.3d at 1303).

Williams disagrees. He argues that, in light of *Apprendi* and *Alleyene*, a district court can't rely on a sentencing judge's drug-attribution findings when determining if the Fair Sentencing Act would've benefited the movant. And Williams argues that *Concepcion* required the district court to consider how his predicate simple-possession conviction being vacated "eliminated" the section 841(b)(1)(A) enhancement. Neither of these arguments are persuasive.

As for Williams's reliance on *Apprendi* and *Alleyene*, our precedent squarely forecloses it. "To be sure, we . . . understand that a jury was constitutionally required to find the nature and quantity

of the controlled substance involved in the offense[s] if that finding increased the statutory penalt[ies]." *Jones*, 962 F.3d at 1302. But we have also explained that section 404(b) isn't a vehicle to correct *Apprendi* errors. *See id.* ("[J]ust as a movant may not use *Apprendi* to collaterally attack his sentence, he cannot rely on *Apprendi* to redefine his offense for purposes of a First Step Act motion." (citing *McCoy v. United States*, 266 F.3d 1245, 1258 (11th Cir. 2001))); *McCoy*, 88 F.4th at 913–14 ("Nothing prohibits a district court 'from relying on earlier judge-found facts,' including those made pre-*Apprendi*." (quoting *Jones*, 962 F.3d at 1302–03)); *Jackson*, 58 F.4th at 1335–37 (concluding "the district court correctly relied on the judge-made drug-quantity finding" (cleaned up)). So, although Williams attempts to relitigate the drug-quantity finding through section 404(b), "this is something he cannot do." *McCoy*, 88 F.4th at 913 (citation omitted); *cf. Telcy v. United States*, 20 F.4th 735, 737–38 (11th Cir. 2021) (explaining that the First Step Act does not authorize a district court "to conduct a plenary, de novo resentencing").

As for Williams's reliance on how his predicate simple-possession conviction was vacated, he is correct that, under *Concepcion*, a district court may consider intervening changes of fact when it determines whether a sentence should be reduced. *See* 597 U.S. at 486. But a district court's discretion to consider those changes only comes into play if the First Step Act authorizes relief in the first instance. *See Jackson*, 58 F.4th at 1336 (explaining that *Concepcion*, unlike our decision in *Jones*, was concerned with an issue that arises after "the sentencing court's discretion comes into play"). As we

23-11088                Opinion of the Court                9

recently explained in *Clowers*, "the Fair Sentencing Act's changes—and only those changes"—are the ones that dictate a district court's authority to grant First Step Act relief. 62 F.4th at 1378. We relied on *Concepcion* itself for that conclusion. *See id.* (citing *Concepcion*, 597 U.S. at 498 n.6 ("[T]he First Step Act directs district courts to calculate the [United States Sentencing] Guidelines range as if the Fair Sentencing Act's amendments had been in place at the time of the offense. . . . The district court *may then* consider postsentencing conduct or nonretroactive changes in selecting or rejecting an appropriate sentence . . . ." (emphasis added))).

Williams acknowledges the hurdle that *Jackson* and *Clowers* pose for his motion. Attempting to overcome it, he maintains that we misread *Concepcion* in those cases by concluding the Fair Sentencing Act's changes, alone, control whether section 404(b) relief is authorized. But even if we believed *Jackson* and *Clowers* were wrongly decided—and we don't—those decisions bind this panel. *See Smith v. GTE Corp.*, 236 F.3d 1292, 1303 (11th Cir. 2001) ("Under our prior precedent rule, a panel cannot overrule a prior one's holding even [if] convinced it is wrong." (quoting *United States v. Steele*, 147 F.3d 1316, 1317–18 (11th Cir. 1998))).

In short, because the First Step Act did not authorize reducing Williams's life sentences on counts one and five, the district court's order denying his section 404(b) motion is **AFFIRMED.**