**FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 23-11057

————————————

ANTONIO U. AKEL,

*Petitioner-Appellant,*

*versus*

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

————————————

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket Nos. 3:21-cv-01156-LC-MAL,
3:07-cr-00136-LC-MAL-1

————————————

Before BRANCH, GRANT, and HULL, Circuit Judges.

BRANCH, Circuit Judge:

Antonio Akel appeals the district court's dismissal of his motion to vacate his sentence under 28 U.S.C. § 2255 as an unauthorized "second or successive" motion. Between Akel's first

§ 2255 motion and the one currently on appeal, he was resentenced because his original sentence unlawfully exceeded the statutory maximum sentence for two of the three counts for which he was convicted.  After careful review, we conclude that Akel's motion is not a second or successive motion because it challenges a new, intervening Amended Judgment.  Accordingly, we vacate the district court's dismissal and remand for further proceedings.

## I.    Background

In 2008, Akel was indicted on six counts.[1]  Following a jury trial, Akel was convicted of conspiracy to distribute and possess with the intent to distribute MDMA, marijuana, and 500 grams or more of cocaine (Count One); possession with intent to distribute marijuana (Count Two); and possession of a firearm by a convicted felon (Count Seven).[2]  Akel was acquitted of the remaining counts.[3] The district court sentenced Akel to concurrent 480-month terms of imprisonment for each count of conviction to be followed by concurrent terms of 60 months' supervised release.  On Count Seven, Akel received an enhancement under the Armed Career

---

[1] Relevant to this appeal, Akel was charged with conspiracy to distribute and possess with the intent to distribute MDMA, marijuana, and 500 grams or more of cocaine (Count One); possession with intent to distribute marijuana and 500 grams or more of cocaine (Count Two); and possession of a firearm by a convicted felon (Count Seven).

[2] Although Akel was indicted on six counts, the indictment contained seven counts because Count Three only charged Akel's co-defendant.

[3] Notably, the jury convicted Akel on Count Two but found that his offense only involved marijuana and did not involve cocaine.

Criminal Act ("ACCA").[4]   Additionally, when the district court entered judgment, it mistakenly determined that Count Two involved cocaine and marijuana despite the jury's special verdict finding that Count Two did not involve cocaine but did involve marijuana.   So the judgment stated that Akel was convicted on Count Two under 21 U.S.C. § 841(b)(1)(B)(ii) (cocaine) and 21 U.S.C. § (b)(1)(D) (marijuana) when it only should have included the latter.   That error initially went unnoticed, and we affirmed Akel's convictions and sentence on direct appeal.   *United States v. Akel*, 337 F. App'x 843, 864 (11th Cir. 2009).

In 2011, Akel filed a motion under 28 U.S.C. § 2255 (the "initial § 2255 motion"), challenging the application of the ACCA enhancement to Count Seven of his sentence, among other challenges under § 2255.   The district court denied Akel's initial § 2255 motion, and in 2016, this Court denied Akel's motion for a certificate of appealability.

Akel sought a writ of *certiorari* in the Supreme Court, and in 2017, the Supreme Court vacated our judgment and remanded the case for further consideration in light of *Mathis v. United States*, 579

---

[4] The ACCA is a sentencing enhancement statute that prescribes a 15-year mandatory-minimum sentence for a felon-in-possession-of-a-firearm conviction if the defendant has "three previous convictions" for a "violent felony" or a "serious drug offense" committed on different occasions from one another.   18 U.S.C. § 924(e)(1).   Absent the enhancement, the offense of possession of a firearm by a convicted felon carries a statutory maximum penalty of 120 months' imprisonment.   *Id.* § 924(a)(2).

U.S. 500 (2016).[5]  *Akel v. United States*, 581 U.S. 902 (2017) (mem.). We vacated the denial of Akel's initial § 2255 motion and remanded the case to the district court for reconsideration in the first instance based on *Mathis*.

In his *pro se* briefing on remand to the district court, Akel not only argued that he no longer qualified for the ACCA enhancement on Count Seven, but he also alerted the court that his 480-month sentence for Count Two exceeded the statutory maximum for his marijuana distribution conviction and was therefore illegal.  As to Count Seven, the district court found that, after *Mathis*, Akel no longer had the three violent felony convictions required to support the ACCA enhancement, so his sentence on Count Seven should be reduced to the statutory maximum of 120 months' imprisonment and 36 months' supervised release.  As to Count Two, the district court concluded that because the jury found that Count Two did not involve cocaine, the statutory maximum sentence was 60 months' imprisonment.  Accordingly, because Akel's original sentence of 480 months' imprisonment on Count Two exceeded the statutory maximum, the district court also altered Akel's sentence as to Count Two to the correct statutory maximum—60 months' imprisonment to be followed by 36

---

[5] *Mathis* clarified how to interpret and apply the ACCA's violent felony definitions when determining whether a prior conviction qualifies as a predicate for purposes of the ACCA.  *Mathis*, 579 U.S. at 509–13.

23-11057                 Opinion of the Court                 5

months' supervised release.[6]  Although Akel asked the district court to reconsider his complete "sentencing package," the district court did not alter Akel's 480-month sentence as to Count One.  The district court explained that it "reviewed the Defendant's [presentence investigation report]" and declined to reconsider Akel's entire sentence "for the reasons previously stated in the court's statement of reasons."[7]  The district court then entered an "Amended Judgment" that set forth the original sentence of 480 months for Count One and the amended concurrent sentences of 60 months for Count Two and 120 months for Count Seven and reiterated his acquittal on the remaining counts.  The Amended Judgment also changed the cocaine and marijuana distribution conviction for Count Two to only a marijuana distribution conviction.

Akel filed a notice of appeal and sought a certificate of appealability in this Court.  We denied his request for a certificate of appealability as unnecessary, however, explaining that Akel's appeal was a "direct appeal" from an "amended judgment" and

_____

[6] In accordance with this correction, the Amended Judgment no longer stated that Akel was convicted on Count Two under 21 U.S.C. § 841(b)(1)(B)(ii).

[7] As to the drug conspiracy conviction in Count One, if not for the statutory maximum, Akel's advisory guideline range would have been 360 months to life based on his total offense level of 40 and a criminal history category of VI.  *Akel*, 337 F. App'x at 855–56.  The district court sentenced Akel on Count One to 480 months' imprisonment which was the statutory maximum for his drug conspiracy conviction.  *Id*. at 855–56.  On direct appeal, this Court concluded that Akel's 480-month sentence on Count One was procedurally and substantive reasonable.  *Id*. at 864.

6                    Opinion of the Court                    23-11057

therefore a certificate of appealability was not necessary. Accordingly, we ordered the clerk "to re-docket the instant appeal as a direct appeal from an amended judgment," and we then affirmed on appeal. *United States v. Akel*, 787 F. App'x 1002 (11th Cir. 2019).

After Akel exhausted his direct appeal of his Amended Judgment, he filed another motion to vacate under 28 U.S.C. § 2255, which he later amended one time (the "instant § 2255 motion"). Akel brought 12 claims—eight of which addressed matters concerning his original trial, sentencing, or appeal and four of which focused on alleged deficiencies in the district court's 2017 resentencing.

A magistrate judge determined that the district court lacked jurisdiction over Akel's eight claims that related to the original trial, sentencing, or appeal because they challenged the same judgment as his initial § 2255 motion and were therefore unauthorized successive claims. But the magistrate judge found that there was jurisdiction to review Akel's four claims related to his 2017 resentencing. Rather than dismiss the claims that it found were jurisdictionally barred, the magistrate judge "required [Akel] to file an amended motion omitting [the barred] claims."

Given the entry of the 2017 Amended Judgment, which Akel contended was a new judgment, Akel disputed that the instant § 2255 motion contained jurisdictionally barred claims by filing an objection to the magistrate judge's findings and a motion for reconsideration, both of which the district court denied. Akel also

partially complied with the magistrate judge's order to file an amended motion omitting the jurisdictionally barred claims by filing an amended motion but including all twelve of his claims in the amended motion.  The magistrate judge once again reiterated her order and, without dismissing the instant § 2255 motion, held that "if [Akel] wishe[d] to proceed with this action," he was required to file an amended motion omitting the eight successive claims.  Akel then filed a notice to the district court explaining that if the court lacked jurisdiction over certain claims, it was obligated to dismiss those claims.[8]  The magistrate judge again refused to dismiss the eight claims it found were jurisdictionally barred and ordered Akel to amend the instant motion to remove those eight claims and proceed with only his four new claims as to the 2017 resentencing.  While attempting one more time to convince the district court that it was required to dismiss his § 2255 motion based on its finding that it lacked jurisdiction (a finding Akel maintained was wrong because of the new 2017 Amended Judgment), Akel moved to dismiss entirely the instant § 2255 motion.  The district court granted Akel's motion to dismiss based on its determination

---

[8] Meanwhile, Akel filed an application in this Court for permission to file a second or successive § 2255 motion to vacate sentence.  We denied the request as "premature" concluding that "because Akel's § 2255 motion [was] still pending in the district court, the proposed § 2255 motion [was] not yet second or successive . . . ."

that the instant § 2255 motion was an unauthorized second or successive motion,[9] and Akel appealed.[10]

We dismissed Akel's appeal as to the dismissal of the four claims related to his 2017 resentencing because Akel lacked appellate standing.[11]   Accordingly, only the dismissal of the remaining eight claims is before us now.[12]

---

[9] The district court determined that the instant § 2255 motion was second or successive because it contained successive claims, which, as we will explain, was an improper "claim-based approach" to determining whether a motion is second or successive.  *See Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1279 (11th Cir. 2014).

[10] We appointed counsel to represent Akel in this appeal.

[11] We concluded that Akel lacked standing to appeal those four claims because the district court concluded that it had jurisdiction over the claims about the 2017 resentencing and Akel moved for their dismissal, so, as the prevailing party as to those four claims, he could not appeal.  But we held that Akel had standing to appeal the dismissal of the eight claims over which the district court found it lacked jurisdiction because the district court had an obligation to dismiss those eight claims once it determined that it lacked jurisdiction, irrespective of Akel's motion to dismiss.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue . . . [and] the only function remaining to the court is that of announcing the fact and dismissing the cause." (quotations omitted)).

[12] The eight claims before us attack each count of conviction.  We offer no opinion on whether or how res judicata or the law-of-the-case doctrine may impact these eight claims on remand.

23-11057                Opinion of the Court                9

## II.    Standard of Review

We review *de novo* whether a 28 U.S.C. § 2255 motion is second or successive.  *Stewart v. United States*, 646 F.3d 856, 858 (11th Cir. 2011).

## III.    Discussion

Akel argues that the instant § 2255 motion is not second or successive because it challenges a new judgment that was entered after his initial § 2255 motion.  He also argues that the invited error doctrine does not prevent us from granting him relief because he moved to dismiss the instant § 2255 motion only after the district court determined that it lacked jurisdiction but refused to order dismissal.  The government responds that the instant § 2255 motion is successive because it challenges the same sentence as the initial § 2255 motion and because the 2017 Amended Judgment was simply a sentence correction, not a new judgment for purposes of § 2255.  The government also argues that Akel invited any error by moving for dismissal of the instant § 2255 motion.  We first explain why the instant § 2255 motion is not a second or successive motion before turning to why Akel did not invite the district court's error.

### A.    *The instant § 2255 motion is not "second or successive"*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that before a movant may file a second or successive § 2255 motion, he first must obtain an order from the court of appeals authorizing the district court to consider the motion.  *See* 28 U.S.C. §§ 2244(b)(3)(A), 2255(h).  Absent authorization from this Court, the district court lacks jurisdiction

to consider a second or successive motion to vacate a sentence. *See Armstrong v. United States*, 986 F.3d 1345, 1347 (11th Cir. 2021) (explaining that without the requisite authorization, "the district court must dismiss a second or successive § 2255 [motion] for lack of jurisdiction"). However, AEDPA does not define what it means for a motion to be "second or successive." *See generally* 28 U.S.C. §§ 2244(b), 2255. Rather, "'second or successive' is a 'term of art[,]' [a]nd since it limits the courts' jurisdiction, we read it narrowly." *Scott v. United States*, 890 F.3d 1239, 1247 (11th Cir. 2018) (quoting *Slack v. McDaniel*, 529 U.S. 473, 486 (2000)).

"Whether a petition is second or successive depends on 'the judgment challenged.'" *Patterson v. Sec'y, Fla. Dep't of Corr.*, 849 F.3d 1321, 1325 (11th Cir. 2017) (en banc) (emphasis omitted) (quoting *Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1278 (11th Cir. 2014)). "[T]he judgment to which AEDPA refers is the underlying conviction and the most recent sentence that authorizes the petitioner's current detention." *Ferreira v. Sec'y, Dep't of Corr.*, 494 F.3d 1286, 1292 (11th Cir. 2007); *see Insignares*, 755 F.3d at 1281 ("[T]here is one judgment, comprised of both the sentence and conviction."). Thus, "where . . . there is a 'new judgment intervening between the two habeas petitions,' an application challenging the resulting new judgment is not 'second or successive.'" *Magwood v. Patterson*, 561 U.S. 320, 341–42 (2010) (quoting *Burton v. Stewart*, 549 U.S. 147, 156 (2007)).

The question before us is whether the district court properly determined that the instant § 2255 motion was a second or

successive motion within the meaning of AEDPA.  The answer to that question turns on whether Akel's 2017 Amended Judgment constituted a new, intervening judgment and not, as the district court thought, on whether the instant § 2255 motion contains *claims* that are "second or successive."

We start with what constitutes a new judgment.  The Supreme Court addressed this issue in *Magwood v. Patterson*.  After being sentenced to death for murder and exhausting postconviction relief in the Alabama state courts, Magwood filed a federal habeas petition challenging both his conviction and sentence under 28 U.S.C. § 2254.[13]  561 U.S. at 323.  The federal habeas court conditionally granted Magwood's § 2254 petition with directions that he be either released or resentenced.  *Id.*  The state trial court then held a full resentencing but ultimately imposed the same sentence.  *Id.*  After challenging his renewed death sentence in state court, Magwood filed another § 2254 petition raising two claims that were directly related to the resentencing proceedings.  *Id.* at 327–28.  The district court determined that this new § 2254 petition was not second or

_____

[13] Although *Magwood* addressed habeas petitions by a state prisoner under 28 U.S.C. § 2254, *Magwood* and its progeny "also appl[y] to cases involving § 2255 motions" by federal prisoners.  *Armstrong*, 986 F.3d at 1349; *see also Stewart v. United States*, 646 F.3d 856, 859 n.6 (11th Cir. 2011) ("Because of the similarities between the provisions governing second or successive petitions under § 2254 and second or successive motions under § 2255, precedent interpreting one of these parallel restrictions is instructive for interpreting its counterpart.").  The Supreme Court's decision in *Bowe v. United States*, 146 S. Ct. 447 (2026), did not abrogate our precedent applying *Magwood* to cases involving § 2255 motions.

successive for purposes of § 2244 and proceeded to address the merits of Magwood's claims. *Id.* at 328. On appeal, we reversed in part as to the successive nature of the petition, concluding that one of Magwood's claims was a prohibited second or successive claim under § 2244 because it "challenged the trial court's reliance on the same (allegedly improper) aggravating factor that the trial court had relied upon for Magwood's original sentence." *Id.* at 329. The Supreme Court reversed, reasoning that the phrase "second or successive" in § 2244(b) "must be interpreted with respect to the judgment challenged." *Id.* at 332–33. Accordingly, the Court concluded that because a new, intervening judgment was entered following the resentencing, Magwood's § 2254 petition challenged "new errors" made at the resentencing and was not "second or successive" for purposes of § 2244(b). *Id.* at 339, 342. In reaching this conclusion, the Court left open whether a petitioner could challenge the original, undisturbed conviction in a new habeas petition following an intervening judgment where the State imposed only a new sentence. *Id.* at 342.

We later answered the question left open in *Magwood* as to whether a habeas petition is "second or successive" for purposes of § 2244 where it challenges an undisturbed conviction following the imposition of only a new sentence. Specifically, in *Insignares*, following initial § 2254 proceedings, the state court granted the defendant's motion to correct his sentence, reduced the mandatory-minimum term of imprisonment for one count of conviction, and "entered [a] corrected sentence and new judgment." *Id.* at 1277. Insignares then filed a new § 2254 petition

challenging his conviction. *Id.* Notwithstanding the entry of a new judgment, the State argued that Insignares's § 2254 petition was nevertheless "second or successive" because it challenged the undisturbed conviction and raised the same issues as his first § 2254 petition. *Id.* at 1278. We rejected this argument and held that because there is only one judgment, which "is comprised of both the sentence and the conviction," a habeas petition is not second or successive where it follows a new judgment, "regardless of whether its claims challenge the sentence or the underlying conviction." *Id.* at 1281. With this framework in mind, we turn to the question of whether Akel's 2017 Amended Judgment was a new judgment for purposes of §§ 2244 and 2255.

Like the petitioner in *Magwood*, Akel demonstrated in his initial § 2255 motion that his original judgment was unlawful, and he was resentenced. By its terms, § 2255 provides that where the court determines the § 2255 movant is entitled to relief, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). In Akel's case, the district court determined that Akel's sentences for Counts Two and Seven were illegal and that he had not been convicted of 21 U.S.C. § 841(b)(1)(B)(ii) in Count Two, so it granted Akel relief in part on his § 2255 motion, entering an Amended Judgment. The court determined that the lawful statutory maximum was the appropriate sentence for Counts Two and Seven and that Akel's 480-month sentence as to Count One should remain unchanged. The district court then issued an Amended

Judgment that changed both the respective terms of imprisonment and the terms of supervised release for Counts Two and Seven, while reiterating the same sentence for Count One. As to Count Two, the Amended Judgment also changed Akel's conviction from cocaine and marijuana distribution to only marijuana distribution, which is why his sentence on Count Two went from 480 months to a statutory maximum of 60 months. In other words, the district court issued a new prison sentence as to each count, and as a result, the Amended Judgment is the operative judgment that authorizes Akel's current confinement. Thus, the Amended Judgment is a new judgment for purposes of AEDPA. *See Patterson*, 849 F.3d at 1325 ("The judgment that matters for purposes of [AEDPA] is 'the judgment authorizing the prisoner's confinement.'" (quoting *Magwood*, 561 U.S. at 332)).

Resisting this conclusion, the government analogizes this case to instances where we have held that an altered sentence did not constitute a new judgment for purposes of AEDPA. Those cases are distinguishable because they did not involve unlawful imprisonment and new judgments authorizing the prisoners' confinement. Consider first our decision in *Patterson*, which held that where the state court granted a motion to correct a sentence and issued an order removing a sentencing condition that the defendant undergo chemical castration, that correction did not constitute a new judgment for purposes of AEDPA. *Id.* at 1325–28. In that case, the resentencing was not the result of a successful § 2255 motion; it instead occurred after Patterson successfully moved to correct his sentence under Florida Rule of Criminal

Procedure 3.800 on the ground that the trial court did not comply with the statutory prerequisites for chemical castration. *Id.* at 1324. We emphasized that the state court's order removing the chemical castration condition did "not otherwise address the term of Patterson's imprisonment." *Id.* at 1326. Consequently, unlike in *Magwood* and *Insignares*, there was no new, intervening judgment authorizing Patterson's confinement, and he was still in custody pursuant to his original judgment, so the district court's order was not a new judgment under AEDPA. *Id.* Akel's Amended Judgment, on the other hand, squarely addressed the terms of his imprisonment for each count of conviction and even changed his conviction on Count Two.

Next, the government points to our cases involving discretionary sentence reductions, but that is another instance when a court can alter a sentence without creating a new judgment for purposes of AEDPA. For example, we have held that a discretionary sentence reduction under 18 U.S.C. § 3582(c) based on a reduction of the applicable sentencing guidelines range is not a new judgment for purposes of AEDPA. *Armstrong*, 986 F.3d at 1349–50. In so holding, we emphasized the many differences between Armstrong's circumstances and the circumstances in *Magwood*. *Id.* at 1349. One key difference was that the petitioner in *Magwood* demonstrated that his original sentence was unlawful. *Id.* By contrast, the petitioner in *Armstrong* merely received a discretionary reduction to "an otherwise final sentence in circumstances specified by the [Sentencing] Commission." *Id.* (quoting *Dillon v. United States*, 560 U.S. 817, 825 (2010)). In other

words, Armstrong's "existing sentence [was] merely reduced to account for the subsequent lowering of the sentencing range by the Sentencing Commission." *Id.* at 1350. We also emphasized that "'by its terms, § 3582(c) [did] not authorize a sentencing or resentencing proceeding,' but rather 'authoriz[ed] only a limited adjustment to an otherwise final sentence.'" *Id.* at 1349 (alteration adopted) (quoting *Dillon*, 560 U.S. at 825–26). Indeed, the preceding subsection of § 3582 provides that "[n]otwithstanding the fact that a sentence to imprisonment can subsequently be . . . modified pursuant to the provisions of subsection (c) . . . a judgment of conviction that includes such a sentence *constitutes a final judgment for all other purposes*." 18 U.S.C. § 3582(b) (emphasis added). "This means that, even though the sentence might have changed, the relevant final 'judgment' did not." *Telcy v. United States*, 20 F.4th 735, 745 (11th Cir. 2021). Consistent with our opinion in *Armstrong*, we have also held that a discretionary sentence reduction under the First Step Act is "a matter of legislative grace" that "does not affect the validity or lawfulness of the underlying sentence" and therefore "does not constitute a new judgment" under AEDPA. *Id.* at 737–38.

The government insists that, like the discretionary sentence reductions in *Armstrong* and *Telcy*, the district court merely corrected and "reduced" Akel's sentences on Counts Two and Seven such that it did not create a new judgment. We disagree. Akel is not in the same position as the defendants in *Armstrong* and *Telcy* because he demonstrated in his original collateral attack that his original sentences on Counts Two and Seven were illegal. As a

result, the district court was statutorily required to "vacate and set the [original unlawful] judgment aside" and either resentence him or correct the sentence.    28 U.S.C. § 2255(b).    The court resentenced Akel and issued a new judgment that no longer stated he was convicted under    21 U.S.C. § 841(b)(1)(B)(ii) (cocaine distribution).

The government also argues that this case is distinguishable from *Magwood* and *Insignares* because here Akel is attempting to challenge Count One, which was unaffected by the 2017 resentencing.    This argument fails for two reasons.    First, "the existence of a new judgment is dispositive" in determining whether a motion is second or successive, *Insignares*, 755 F.3d at 1280 (quoting *Magwood*, 561 U.S. at 338), and as we explained above, the Amended Judgment in this case is a new judgment.    Second, the government's argument would require us to make a second or successive determination on a claim-by-claim basis, and the Supreme Court has rejected a "claim-based approach" because "the phrase 'second or successive' applies to habeas *petitions*, not to the *claims* they raise."    *Id*. at 1279 (citing *Magwood*, 561 U.S. at 334–35) (emphasis in original).

Furthermore, the procedural history of this case shows that Akel's Amended Judgment was a new judgment for purposes of AEDPA.    As a reminder, Akel filed an initial § 2255 motion in 2011, which led to his resentencing and 2017 Amended Judgment.    Then, when Akel appealed from the Amended Judgment, we determined that his appeal was a direct appeal from the Amended Judgment,

not a habeas appeal.  Accordingly, we conclude that the 2017 Amended Judgment was a new, intervening judgment authorizing Akel's confinement for purposes of AEDPA.

In light of the intervening Amended Judgment that authorizes Akel's detention, we conclude that the district court erred in determining that Akel's instant § 2255 motion was an unauthorized second or successive § 2255 motion.  Accordingly, the district court had jurisdiction to entertain it.

### B.    Akel did not invite the district court's error

The district court granted Akel's motion to dismiss the instant § 2255 motion, which Akel now appeals as error.  The government remarkably argues that we are precluded from granting Akel relief in this case because he invited any error by affirmatively moving to dismiss his § 2255 motion.  "The doctrine of invited error is implicated when a party induces or invites the district court into making an error." *United States v. Stone*, 139 F.3d 822, 838 (11th Cir. 1998).  We generally will not review an error a party invited because that party "should not benefit from introducing error . . . with the intention of creating grounds for reversal on appeal." *Id.*  The government is wrong that this case involves invited error.

Akel did not invite the district court's error; rather the magistrate judge triggered the error when she *sua sponte* determined that (despite the new 2017 Amended Judgment) the eight claims in the instant § 2255 motion which are now on appeal were unauthorized and jurisdictionally barred because they are

second or successive. In fact, Akel continually objected to that finding.

Because courts "have an independent obligation to determine whether subject-matter jurisdiction exists," we have previously declined to apply the doctrine of invited error to a question of subject-matter jurisdiction. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *see Wright Transp., Inc. v. Pilot Corp.*, 841 F.3d 1266, 1273 n.10 (11th Cir. 2016). Here, the district court had already erroneously determined that it lacked jurisdiction over the eight claims on appeal before Akel asked for dismissal and over his strenuous objections to its disavowal of jurisdiction. Accordingly, we decline to apply the invited error doctrine.

## IV.    Conclusion

For the reasons explained above, the district court erred in determining that Akel's instant § 2255 motion was an unauthorized second or successive § 2255 motion, so we conclude that the district court had jurisdiction. Accordingly, we vacate the district court's dismissal and remand for further proceedings consistent with this opinion.[14]

**VACATED AND REMANDED.**

---

[14] Akel's motion to correct his reply brief is denied as moot because we subsequently reset briefing, and his motion for this case to be reassigned to a different district court judge on remand is denied.